IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 8 : 20 – 467 |
| | ) | |
| vs. | ) | 21 U.S.C. § 841(a)(1) |
| | ) | 21 U.S.C. § 841(b)(1)(A) |
| | ) | 21 U.S.C. § 841(b)(1)(B) |
| **ROGER NAVARETTE,** | ) | 21 U.S.C. § 846 |
| | ) | 18 U.S.C. § 2 |
| ▬▬▬▬▬▬▬ | ) | 18 U.S.C. § 924(c)(1)(A) |
| **EDER I. LOPEZ,** | ) | 18 U.S.C. § 924(d)(1) |
| **JEVARIA LOMONE LONGSHORE,** | ) | 21 U.S.C. § 853 |
| a/k/a "Frog," | ) | 21 U.S.C. § 881 |
| **DERRICK BLUFORD,** | ) | 28 U.S.C. § 2461(c) |
| a/k/a "Tutt," | ) | |
| **CHARVIS MOSS,** | ) | **SEALED INDICTMENT** |
| a/k/a "Charvo" | | |

USDC CLERK, GREENVILLE, SC
RECEIVED
2020 AUG 11 PM 6: 01

**COUNT ONE**
(Drug Trafficking Conspiracy)

THE GRAND JURY CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around

February 2018, and continuing thereafter, up to and including August 20, 2019, in the District of

South Carolina and elsewhere, the Defendants, **ROGER NAVARETTE,** ▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ **EDER I. LOPEZ**, **JEVARIA LOMONE**

**LONGSHORE, a/k/a "Frog," DERRICK BLUFORD, a/k/a "Tutt,"** and **CHARVIS MOSS,**

**a/k/a "Charvo,"** knowingly and intentionally did combine, conspire, agree and have tacit

understanding with each other and with others, both known and unknown to the grand jury, to

knowingly, intentionally and unlawfully possess with intent to distribute heroin, a Schedule I

controlled substance and cocaine, a Schedule II controlled substance.

1

a. With respect to the Defendant, **ROGER NAVARETTE**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

b. With respect to the Defendant, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a kilogram or more of a mixture or substance containing a detectable amount of heroin and 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B);

c. With respect to the Defendant, ▮▮▮▮▮▮▮▮▮▮▮▮▮ he amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a kilogram or more of a mixture or substance containing a detectable amount of heroin and 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B);

2

d. With respect to the Defendant, **EDER I. LOPEZ**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a 100 grams or more of a mixture or substance containing a detectable amount of heroin and five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B);

e. With respect to the Defendant, **JEVARIA LOMONE LONGSHORE**, **a/k/a "Frog,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

f. With respect to the Defendant, **DERRICK BLUEFORD**, **a/k/a "Tutt,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

USCA4 10

g. With respect to the Defendant, **CHARVIS MOSS, a/k/a "Charvo,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Possession with Intent to Distribute Heroin)

THE GRAND JURY FURTHER CHARGES:

That on or about August 20, 2019, in the District of South Carolina, the Defendant, **EDER I. LOPEZ**, knowingly, intentionally and unlawfully did possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and did aid and abet another person in the commission of the aforesaid offense;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT THREE
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES:

That on or about August 20, 2019, in the District of South Carolina, the Defendant, **EDER I. LOPEZ**, knowingly did use and carry a firearm during and in relation to, and did possess a firearm in furtherance of a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

4

## FORFEITURE

FIREARM/DRUG OFFENSES:

Upon conviction for a violation of Title 18 and Title 21, United States Code, as charged in

this Indictment, the Defendants, **ROGER NAVARETTE,** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **EDER I. LOPEZ**, **JEVARIA LONGSHORE, a/k/a**

**"Frog," DERRICK BLUFORD, a/k/a "Tutt,"** and **CHARVIS MOSS, a/k/a "Charvo"**, shall

forfeit to the United States all of the Defendants' right, title and interest in and to any property,

real and personal,

(a) constituting, or derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

(c) any firearms and ammunition (as defined in 18 U.S.C. § 921) –

(1) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

(2) involved in or used in any knowing violation of 18 U.S.C. §§ 922 and 924, or violation of any other criminal law of the United States, or intended to be used in a crime of violence.

PROPERTY:

Pursuant to Title 18, United States Code, 924(d)(1), Title 21, United States Code, Sections

853 and 881, and Title 28, United States Code, Section 2461(c), the property subject to forfeiture

includes, but is not limited to, the following:

USCA4 12

A.    Cash Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendants obtained directly or indirectly from the drug trafficking offenses charged in this Indictment, and all interest and proceeds traceable thereto, in that such sum equals property obtained as the result of their violation of 21 U.S.C. §§ 841 and 846.

B.    Firearms:

(a) American Tactical AR-15 rifle
Serial Number: Unknown
Seized from: Eder Lopez

(b) FNS 9mm pistol
Serial Number: Unknown
Seized from: Eder Lopez

## SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants:

(a)    cannot be located upon the exercise of due diligence;
(b)    has been transferred or sold to, or deposited with, a third person;
(c)    has been placed beyond the jurisdiction of the Court;
(d)    has been substantially diminished in value; or
(e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of Defendants up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, 924(d)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

6

A _____TRuE_____ Bill

████████████████████████

FOREPERSON

_____
PETER M. MCCOY, JR. (BBH/kr)
UNITED STATES ATTORNEY

7

USCA4 14